RE: TUITION FEE WAIVERS
ATTORNEY GENERAL HENRY HAS DIRECTED ME TO RESPOND TO YOUR LETTER DATED OCTOBER 30, 1989, INQUIRING ABOUT AUTOMATIC TUITION WAIVERS FOR THOSE OUT-OF-STATE STUDENTS LIVING WITHIN A 125 MILE RADIUS OF CERTAIN INSTITUTIONS GOVERNED BY YOUR BOARD. FOR THE REASONS DISCUSSED HEREINBELOW, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IN RESPONSE TO THIS QUESTION IS NOT APPROPRIATE AT THIS TIME. HOPEFULLY, THE INFORMATION PROVIDED IN THIS LETTER, WHICH REPRESENTS THE VIEWS OF THE UNDERSIGNED ONLY, WILL BE OF SOME ASSISTANCE TO YOU.
I WOULD SUGGEST FIRST THAT YOU CONSULT WITH THE BOARD'S OWN LEGAL COUNSEL TO EVALUATE THE APPLICABILITY OF THE EQUAL PROTECTION CLAUSES OF THE UNITED STATES AND OKLAHOMA CONSTITUTION TO THE CONTEMPLATED WAIVERS. SUCH CONSULTATION WOULD ALSO BE APPROPRIATE BECAUSE IN THE EVENT THE ISSUANCE OF A FORMAL OPINION WERE TO BE CONSIDERED, IT HAS BEEN THE LONG-STANDING PRACTICE OF THIS OFFICE TO REQUIRE A MEMORANDUM BRIEF, REACHING A LEGAL CONCLUSION, FROM THOSE CLIENT AGENCIES, LIKE YOUR OWN, WHICH HAVE THEIR OWN IN-HOUSE COUNSEL.
I WOULD ALSO SUGGEST THAT SOME DEGREE OF CONSULTATION WITH THE OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION ON THIS QUESTION WOULD BE APPROPRIATE INASMUCH AS THAT BOARD IS PRESENTLY CONSIDERING THE ADOPTION OF SUCH STANDARDS FOR THE ENTIRE HIGHER EDUCATION SYSTEM. IN ANY EVENT, SUCH CONSULTATIONS COULD HAVE THE BENEFICIAL RESULT OF AVOIDING SERIOUS DISCONTINUITIES AND INCONSISTENCIES IN THE POLICIES OF THE VARIOUS INSTITUTIONS AND WOULD THUS NARROW THE STATE'S EXPOSURE IN POSSIBLE LITIGATION.
FINALLY, I WOULD POINT OUT THAT A PRIOR ATTORNEY GENERAL HAS ISSUED AN OFFICIAL OPINION GERMANE TO YOUR INQUIRY, A COPY OF WHICH I HAVE ENCLOSED FOR YOUR INFORMATION. IN A.G. OPIN. NO. 76-141, ATTORNEY GENERAL DERRYBERRY CONCLUDED, IN PERTINENT PART, THAT A STATUTE WHICH SET TUITION OR FEES FOR OUT-OF-STATE RESIDENTS RESIDING WITHIN 60 MILES OF A STATE INSTITUTION OF HIGHER EDUCATION AT THE SAME RATE PAID BY RESIDENTS OF THE STATE AT SUCH STATE INSTITUTION WAS VIOLATIVE OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION. THE ONLY READILY DISCERNIBLE DIFFERENCE BETWEEN THE STATUTE FOUND UNCONSTITUTIONAL BY THE PRIOR ATTORNEY GENERAL OPINION AND THE POLICY BEING CONSIDERED BY THE A M REGENTS IS THE RADIUS WITHIN WHICH THE OUT-OF-STATE TUITION WAIVER WILL OPERATE.
(NED BASTOW)